# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MAURICE JONES,<br><br>Defendant. | Case No. CR11-0059<br><br>ORDER FOR PRETRIAL DETENTION |

On the 1st day of March, 2012, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Daniel C. Tvedt. The Defendant appeared personally and was represented by his attorney, Webb L. Wassmer.

## I. RELEVANT FACTS AND PROCEEDINGS

On March 9, 2011, Defendant Maurice Jones was charged by Indictment (docket number 2) with being a felon in possession of a firearm and ammunition. At the arraignment on February 28, 2012, Defendant entered a plea of not guilty and trial was scheduled before Chief Judge Linda R. Reade on April 30, 2012.

At the hearing, Iowa Department of Correctional Services Officer Tracy Weems testified regarding the circumstances underlying the instant charges.[1] On October 25, 2010, Cedar Rapids Police received a "shots fired" call on 4th Avenue SE in Cedar Rapids, Iowa. Law enforcement went to the scene, and found a pistol on the front porch of a residence on 4th Avenue. Defendant identified the pistol as belonging to him. Two days later, Defendant was interviewed by law enforcement and reported that an individual named Gino ran up to him on the porch of the residence where the firearm was found, and

---

[1] Weems is currently assigned to the FBI Task Force.

1

handed the pistol to him. When the police arrived at the residence, Defendant placed the firearm on a bench on the porch. Later, law enforcement spoke with Gino, and he denied giving the gun to Defendant.

According to the pretrial services report, Defendant is 43 years old. He was born and raised in Chicago, Illinois. He has three siblings, including a brother that lives in Cedar Rapids and a sister that lives in Chicago. Based on information in the pretrial services report, it appears that Defendant moved to Cedar Rapids sometime in 2003 or 2004. In May 2011, Defendant relocated to Warren, Arkansas, for better employment opportunities.

Defendant has never been married. He told the pretrial services officer in Arkansas that he was involved in a co-habitating relationship with Laretha Dickens for 25 years. He stated that they had two children together, and Ms. Dickens had another child from a prior relationship. Curiously, when Ms. Dickens was interviewed by the pretrial services officer in Iowa, she indicated that her relationship with Defendant began "a little over ten years" ago. She also indicated that she had three children, but all of her children were from prior relationships.

Prior to his arrest, Defendant was employed by Ouachita Hardwood Flooring in Warren, Arkansas, since June 2011. Before working in Arkansas, Defendant was employed seasonally by ITT Pearson in Ely, Iowa, from 2004 to 2010. Defendant is in good physical health and reports no present or past mental or emotional health concerns.[2] He reported consuming alcohol on a weekly basis, and acknowledged that he may have a problem controlling his alcohol consumption. He has never participated in an alcohol or substance abuse treatment program.

Defendant has a substantial criminal record. On September 10, 1986, at age 17, Defendant was charged and later convicted of burglary. Defendant was given 18 months probation. On February 21, 1987, Defendant was charged with criminal trespass to a

---

[2] Defendant takes medication to control high blood pressure.

vehicle. This case was stricken from the docket with leave to reinstate. On July 17, 1987, Defendant was charged with possession of a controlled substance. The disposition of that case is unknown. On September 11, 1987, Defendant was charged and later convicted of manufacturing and/or delivering 10 to 30 grams of cocaine. Defendant was sentenced to year in prison. All of these offenses were apparently committed while Defendant was on probation on the burglary charge.

On August 18, 1990, Defendant was charged with aggravated assault. On September 17, 1990, Defendant was again charged with aggravated assault. On January 14, 1991, Defendant was charged with unlawful use of a weapon. The disposition of all three of these charges is unknown.

On August 29, 1992, Defendant was charged with mob action, failure to disperse. Bond was forfeited in September 1992, and the case was closed. Two days later, on August 31, 1992, Defendant was charged and later convicted in separate cases of robbery and armed robbery. Defendant was sentenced to 7 years in prison on the robbery charge, and 10 years in prison on the armed robbery charge. Defendant was paroled in 1997.

On November 24, 1997, while on parole in the robbery and armed robbery cases, Defendant was charged and later convicted of possession of a controlled substance. Defendant was sentenced to 1 year in prison in October 1998. On July 14, 1998, while on parole in the robbery and armed robbery cases, Defendant was charged and later convicted of possession of cocaine. Defendant was sentenced to 7 years in prison. He was paroled on August 14, 2001, and his sentence was discharged on December 13, 2002.

On November 2, 2001, while on parole in the possession of cocaine case, Defendant was charged with "permit required, air/toy weapons." On January 2, 2002, while on parole in the possession of cocaine case, Defendant was charged and later convicted of possession of heroin. Defendant was sentenced to 2 years in prison. His sentence was discharged on January 7, 2005.

On April 9, 2003, while on parole in the possession of heroin charge, Defendant was charged and later convicted of manufacturing and/or delivering marijuana near a

3

school. Defendant was sentenced to 30 months in prison. His sentence was discharged on January 7, 2005. On October 13, 2004, while on parole in the possession of heroin and manufacturing and/or delivering marijuana charges, Defendant was charged and later convicted of assault.

On November 26, 2005, Defendant was charged and later convicted of assault causing bodily injury. Two days later, on November 28, 2005, while on pretrial release in the assault causing bodily injury case, Defendant was charged and later convicted of fourth degree theft and assault.

On July 15, 2006, while on probation in the assault causing bodily injury case, Defendant was charged with soliciting an unlawful business. The disposition of this case is unknown. On April 17, 2008, Defendant was charged and later convicted of assault. Defendant was sentenced to 4 days in jail.

## II. DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

### A. Legal Standard to be Applied

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). The Court must first determine by a preponderance of the evidence that the case involves an offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines, pursuant to § 3142(e), whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

Regarding the first step, pretrial detention is not authorized unless the Court finds that at least one of seven enumerated circumstances is applicable. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, offenses punishable by life imprisonment, serious drug offenses, felonies committed by repeat offenders, and felonies involving minor victims or guns. 18 U.S.C. § 3142(f)(1)(A-E). The last two enumerated circumstances where a hearing is authorized involve "risk factors," such as a serious risk of flight, or a serious risk the defendant will obstruct justice. 18 U.S.C. § 3142(f)(2)(A-B).

Regarding the second step, if following a hearing "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985).

In determining whether any condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger

to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

### B. Analysis

Turning to the facts in the instant action, Defendant is charged with being a felon in possession of a firearm and ammunition. Accordingly, regarding the first step in the analysis, the Court finds that detention is authorized pursuant to § 3142(f)(1)(E).

Regarding the second step, the weight of the evidence against Defendant is strong. Defendant is a convicted felon. When responding to a "shots fired" call, Cedar Rapids police officers found a firearm in the proximity of Defendant on a bench. Defendant subsequently admitted to possessing the firearm. Defendant has a substantial history of violent offenses, including assault, aggravated assault, robbery, and armed robbery. Defendant also has a history of committing offenses while on pretrial release, probation, and parole. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Therefore, based on the serious nature and circumstances of the offense, Defendant's extensive criminal history, and the strong evidence against him, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

## III. ORDER

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (February 28, 2012) to the filing of this Ruling (March 1, 2012) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 1st day of March, 2012.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA